# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RONALD JAMES,

          Plaintiff,

v.

ROBERT A. DEYTON
DETENTION FACILITY,

          Defendant.

1:08-cv-01422-WSD

## OPINION AND ORDER

The matter is before the Court on Plaintiff Ronald James' ("Plaintiff") Motion for Leave to Appeal [8].[1]

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sued the detention facility at which he was originally incarcerated for subjecting him to unconstitutional conditions of confinement. Plaintiff alleged he was forced to sleep on the floor, that the facility is unsanitary and that inmates are locked out of their rooms for hours without access to restrooms. Plaintiff also raises several allegations on behalf of a fellow inmate. Plaintiff sought injunctive

---

[1] Plaintiff sent a letter to the Clerk of Court requesting leave to appeal  The Court considers Plaintiff's letter as a Motion to Appeal *In Forma Pauperis*.

relief and damages and submitted an affidavit that he was unable to pay the fees for this civil action.  See 28 U.S.C. § 1915(a)(1).

On June 6, 2008, the Court entered an Order dismissing this action as frivolous pursuant to 28 U.S.C. § 1915A [3].  The Court permitted the Plaintiff to proceed *in forma pauperis* solely for the purpose of dismissal.

On December 17, 2008, Plaintiff filed what the Court liberally construes as a motion to appeal *in forma pauperis* [8].  Plaintiff has not filed an additional affidavit of indigency but also has not paid the filing fees for an appeal.  Since the Court already has before it an affidavit attesting to Plaintiff's indigency, the Court will consider it in support of Plaintiff's apparent desire for leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915.

28 U.S.C. § 1915 provides:

> [A]ny court of the United States may authorize the
> commencement, prosecution or defense of any suit,
> action or proceeding, civil or criminal, or appeal therein,
> without prepayment of fees or security therefor, by a
> person who submits an affidavit that includes a statement
> of all assets such prisoner possesses that the person is
> unable to pay such fees or give security therefor.  Such
> affidavit shall state the nature of the action, defense or
> appeal and affiant's belief that the person is entitled to
> redress.
> . . . .

> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> . . . .
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding . . . .

Fed. R. App. P. 24(1), (3).

Thus two requirements must be met for a party to prosecute an appeal *in forma pauperis*. The party must show an inability to pay, and the appeal must be brought in good faith. Plaintiff has filed an affidavit showing his inability to pay. The remaining issue is whether the appeal is taken in "good faith."

A party demonstrates "good faith" by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla.1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993). Stated differently, an *in forma pauperis* action is not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir.2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.2001), cert. denied, 534 U.S. 1044 (2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir.1991), cert. denied, 503 U.S. 921 (1992) (internal quotations omitted).

Plaintiff's motion to appeal does not identify any specific argument he wishes to present on appeal. It does not raise any new allegations upon which he seeks relief. The Court thus construes it as a motion to appeal *in forma pauperis* on the allegations already presented in the Complaint. The Court previously determined that those allegations were frivolous and could not support a meritorious cause of action. See June 6, 2008 Order. Since Plaintiff's appeal is

without "arguable merit," it is not taken in good faith and may not be brought *in forma pauperis*.[2]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appeal *In Forma Pauperis* is [8] is **DENIED**.

**SO ORDERED** this 23rd day of February 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The records before the Court demonstrate that Plaintiff has not paid his filing fee on appeal. Plaintiff may, of course, pay the filing fee. An appeal of a Section 1983 dismissal does not require "good faith" or a certificate of appealability where the appellant pays the filing fee required.